Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Intransit Container, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X
FULLER BOX CO., INC.

        Plaintiff,

        ECF CASE

v.

OOCL (USA) INC., and INTRANSIT CONTAINER, INC.    07 CIV 9375 (Judge Stein)

        Defendants.

---------------------------------------------------------------------------

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT INTRANSIT CONTAINER, INC.**

    Defendant, Intransit Container, Inc. ("Intransit"), by its attorneys, Barry N. Gutterman & Associates, P.C., for its Answer and Affirmative Defenses to the Complaint of Fuller Box Co., Inc., ("Plaintiff") alleges upon information and belief:

    1.    Intransit denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies same and leaves plaintiff to its proof.

    2.    Intransit denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies same and leaves plaintiff to its proof.

    3.    Intransit denies knowledge or information sufficient to admit or deny the

allegations contained in paragraph 3 of the Complaint and therefore denies same and leaves plaintiff to its proof.

4. Intransit denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies same and leaves plaintiff to its proof.

5. Intransit denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies same and leaves plaintiff to its proof.

6. Intransit admits the allegations contained in paragraph 6 of Complaint.

7. Intransit denies the allegations contained in paragraph 7 of Complaint.

8. Intransit denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies same and leaves plaintiff to its proof.

9. Intransit denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies same and leaves plaintiff to its proof.

10. Intransit denies the allegations contained in paragraph 10 of Complaint.

11. Intransit denies knowledge or information sufficient to admit or deny the allegations contained in paragraph11 of the Complaint and therefore denies same and leaves plaintiff to its proof.

12. Intransit denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies same and leaves plaintiff to its proof.

13. Intransit repeats and realleges its responses to paragraphs 1-12 of the Complaint

      as its response to paragraph 13.

14.    Intransit denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies same and leaves plaintiff to its proof.

15.    Intransit denies the allegations contained in paragraph 15 of Complaint.

16.    Intransit denies the allegations contained in paragraph 16 of Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17.    In the event that the Plaintiff had or has no or any title or interest in the shipment that is the subject of this action, then the Plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18.    The shipment referred to in the Complaint was loaded and counted by the shipper and/or its agent or other parties over whom Intransit had no control. Intransit is not responsible for any damage or loss to such shipment caused by the improper loading or counting thereof by other parties over whom it had no control.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19.    If the shipment referred to in the Complaint suffered any loss or damage or delay, which is herein expressly denied, such loss, damage or delay was the result of the inherent nature and condition of the shipment for which Intransit is not liable to Plaintiff, or was caused by parties over whom Intransit had no control, and, as such, Intransit is not liable to Plaintiff.

## AS AND FOR A FOURTH

**AFFIRMATIVE DEFENSE**

20. In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable law, tariffs, circulars, and/or governing publications, the plaintiff may not recover in excess of such limitations.

**AS AND FOR A FIFTH**
**AFFIRMATIVE DEFENSE**

21. To the extent that the Plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

**AS AND FOR A SIXTH**
**AFFIRMATIVE DEFENSE**

22. To the extent that Plaintiff failed to file suit within the period prescribed, this lawsuit is time barred.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

23. The Complaint fails to state a claim against Intransit upon which relief may be granted.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

24. The bill of lading, tariffs and classifications, and the governing publications do not contemplate responsibility for special damages. To the extent that Plaintiff seeks recovery for special damages, Intransit is not responsible for such amounts.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

25. Intransit is not responsible or liable for any negligence which was a proximate cause of any alleged incident or damages of which Plaintiff alleges.

**AS AND FOR A TENTH**
**<u>AFFIRMATIVE DEFENSE</u>**

26. Intransit is not responsible or liable for an Act of God with regard to the alleged damage to the shipment.

**AS AND FOR AN ELEVENTH**
**<u>AFFIRMATIVE DEFENSE</u>**

27. Plaintiff's state law claims are preempted by federal law which govern this matter.

WHEREFORE, Defendant Intransit Container, Inc. demands judgment be entered herein: (1) dismissing the Complaint against it with prejudice, together with interest, costs, disbursements and attorneys fees incurred herein; and (2) for such other further and/or different relief as this Court may deem just and proper.

Dated: New York, New York
       November 7, 2007

                        By: <u>/s/ Barry Gutterman</u>
                        Barry N. Gutterman, Esq. (BG-6410)
                        Robert Briere, Esq. (RB6080)
                        Barry N. Gutterman Associates, P.C.
                        60 East 42nd Street, 46th Floor
                        New York, New York, 10165
                        (212) 983-1466

                        Attorneys for Defendant
                        Intransit Container, Inc.

TO: Patrick J. Corbett, Esq. (PC 2076)
Rubin, Fiorella & Friedman LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
Tel: (212) 953-2381

Attorneys for Plaintiff

OOCL (USA) INC.
2633 Camino Ramon, Suite 400
San Ramon, California 94583

IT2806.AAD