UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FULLER BOX CO., INC.

     Plaintiff,

 -against-

OOCL (USA) INC. and INTRANSIT
CONTAINER, INC.

     Defendants.
-----------------------------------------------------------X

07 Civ. 9375

**ANSWER OF OOCL WITH CROSS CLAIM AND AFFIRMATIVE DEFENSES**

  Defendant Orient Overseas Container Line Ltd. ("OOCL"), by and through its attorneys, Tisdale Law Offices, LLC, as and for its Answer to the Complaint dated September 27, 2007, hereby states as follows:

  1. Admits that this is a claim pursuant to Federal statute and is brought pursuant to the Court's federal question jurisdiction but, except as so admitted, denies the allegations contained in Paragraph 1 of the Complaint.

  2. Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty and Maritime jurisdiction of this Court pursuant to 28 U.S.C. §1333.

  3. Denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 3 of the Complaint.

  4. Denies the allegations contained in the Paragraph 4 of the Complaint.

  5. Denies the allegations contained in the Paragraph 5 of the Complaint.

  6. Denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 6 of the Complaint.

7. Admits that at all material times hereto, Defendant OOCL regularly conducted business in the State of New York through its agent OOCL (USA) but, except as so admitted, hereby denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 7 of the Complaint.

## COUNT I

8. Admits that on or about September 2005, Defendant OOCL agreed to transport for good and valuable consideration one container said to contain 1221 cartons of jewelry boxes ("the cargo") from Hong Kong to Worcester, Massachusetts but, except as so admitted, hereby denies the allegations contained in the Paragraph 8 of the Complaint.

9. Admits that accordingly, Defendant issued a bill of lading, number OOLU61738030/HK050997477, for the cargo and transported the cargo within the container number OOLU575534-7, upon vessel M/V OOCL KOREA but, except as so admitted, hereby denies the allegations contained in the Paragraph 9 of the Complaint.

10. Denies the allegations contained in the Paragraph 10 of the Complaint.

11. Admits that the cargo was subsequently delivered but, except as so admitted, hereby denies the allegations contained in the Paragraph 11 of the Complaint.

12. Denies the allegations contained in the Paragraph 12 of the Complaint.

## COUNT II

13. Defendant repeats and realleges each allegation contained in Paragraphs 1-13 as if set forth herein.

14. Denies the allegations contained in the Paragraph 14 of the Complaint.

15. Denies the allegations contained in the Paragraph 15 of the Complaint.

16. Denies the allegations contained in the Paragraph 16 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. Plaintiff is not a real party-in-interest.

### SECOND AFFIRMATIVE DEFENSE

18. Plaintiff's Complaint fails to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

19. The said shipment was transported on the said vessel and was discharged and delivered subject to the bill of lading issued therefor, and tariff by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss and/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act, and/or The Hague Rules and/or similar legislation and/or provisions of the said bill of lading and/or tariff and/or other applicable provisions of the contract of carriage or of law.

### FOURTH AFFIRMATIVE DEFENSE

20. The United States Carriage of Goods by Sea Act provides in § 1304 thereof, among other things, as follows:

> "(2)  Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from-
> ******

(b) Fire, unless caused by the actual fault or privity of the carrier;

(c) Perils, dangers and accidents of sea or other navigable waters;

(d) Act of God;

(i) Act of omission of the shipper or owner of the goods, his agent or representative;

(m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;

(n) Insufficiency of packing;

(p) Latent defects not discoverable by due diligence; and Defendants claim the benefit of these provisions as appropriate.

(q) Any other cause arising without the actual fault of the privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault of privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage.

## FIFTH AFFIRMATIVE DEFENSE

21. Plaintiff's claim is time-barred under the governing statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

22. In the event that any liability is adjudged against this answering Defendant, then the liability of this Defendant is restricted and limited to U.S. $500 per package, or in case of goods not shipped in package, per customary freight unit, in accordance with the provision of the United States Carriage of Goods by Sea Act, 46 U.S.C. §1304 or some other limitation amount set forth in the governing legislation.

## SEVENTH AFFIRMATIVE DEFENSE

23. This matter is time-barred pursuant to the Interstate Commerce Act and/or the Carmack Amendment.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANT, INTRANSIT CONTAINER, INC., OOCL ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

23. Defendant OOCL alleges that if any liability should be assessed against it in favor of the Plaintiff, which is denied, then such liability will have resulted from the negligence of Co-Defendant, Intransit Container, Inc., in whole or in part, and not due to any negligence on the part Defendant OOCL.

24. As a result, Defendant OOCL is entitled to indemnity and/or contribution from Co-Defendant Intransit Container, Inc. for:

    A. All amounts which it is required to pay Plaintiff; and

    B. All amounts, including reasonable attorneys' fees, which it incurs defending Plaintiff's claim.

WHEREFORE, Defendant OOCL respectfully requests judgment as follows:

    A. Dismissing the Complaint against it and awarding it the costs and disbursements of this action; or, in the alternative,

    B. Over and against Co-Defendant Intransit Container, Inc. for:

        1. All amounts which it may be required to pay the Plaintiff; and

        2. All amounts, including reasonable attorneys' fees which it incurs in defending its claim; and

    C. For such other, further and different relief as this Court may deem just and proper.

WHEREFORE, Defendant Orient Overseas Container Line, Ltd. prays that this court enter judgment in favor of this answering Defendant against Plaintiff and that this answering Defendant be granted such other and further relief as to this court seems just and proper, including sanctions, costs and counsel fees.

Dated: New York, NY
       December 21, 2007

                                Attorneys for Defendant
                                Orient Overseas Container Line, Ltd.

By:     /s/
      Thomas L. Tisdale (TT5263)
      Lauren C. Davies (LD1980)
      Tisdale Law Offices, LLC
      ttisdale@tisdale-law.com
      ldavies@tisdale-law.com
      11 West 42nd Street, Suite 900
      New York, NY 10036
      Tel: (212) 354-0025
      Fax: (212) 869-0067

## AFFIRMATION OF SERVICE

I hereby certify that on December 21, 2007, a copy of the foregoing ANSWER OF OOCL WITH CROSSCLAIM AND AFFIRMATIVE DEFENSES was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                                       /s/
                                         Thomas L. Tisdale